# EXHIBIT C

| AOC-105          Doc. Code: CI | | Case No |
|---|---|---|
| Rev  1-07    09/11/2009 03:17 pm | | 09CI09418 |
| Page 1 of 1      Ver  1 02 | | Court   [✓] Circuit  [ ] District |
| Commonwealth of Kentucky | | |
| Court of Justice   www courts ky gov | CIVIL SUMMONS | County   Jefferson |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

Opal                              F.              Hawkins
3501 Blevins Gap Road


Louisville                        Kentucky           40272

VS.

**DEFENDANT**

Invacare Corporation
1 Invacare Way
P.O. Box 4028
Elyra                             Ohio              44036    2125


**Service of Process Agent for Defendant:**

Secretary of State

Commonwealth of Kentucky

Pursuant to KRS 454.210

Frankfort                                    Kentucky           40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons  **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _SEP 15 2009_____, 2_____                    _____Clerk

By: _____D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____

Served by: _____

_____Title

| AOC-105              Doc. Code: CI | | Case No |
|---|---|---|
| Rev. 1-07    09/11/2009 03:17 pm | Court | ✓ Circuit ☐ District |
| Page 1 of 1        Ver. 1 02 | | |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky gov | County | Jefferson |
| CR 4.02; CR Official Form 1 | | |

**CIVIL SUMMONS**

PLAINTIFF

Opal                        F.              Hawkins
3501 Blevins Gap Road

Louisville              Kentucky              40272

VS.

**RECEIVED**

DEFENDANT

Invacare Corporation
1 Invacare Way                    SEP 17 2009
P.O. Box 4028
Elyra                     Ohio          SECRETARY OF STATE
                                   COMMONWEALTH OF KY
                                   44036    2125

**Service of Process Agent for Defendant:**

| Secretary of State | | |
|---|---|---|
| Commonwealth of Kentucky | | |
| Pursuant to KRS 454 210 | | |
| Frankfort | Kentucky | 40601 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____

                                        _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____

                    Served by: _____

                    _____ Title



Trey Grayson
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-1484

September 17, 2009

INVACARE CORPORATION
1 INVACARE WAY
P.O. BOX 4028
ELYRA, OH 44036-2125



FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 09-CI-09418

COURT:  Circuit Court Clerk
        Jefferson County, Division: 13
        600 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case.  As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    (1)  **Your attorney, or**
    (2)  **The attorney filing this suit whose name should appear on**
          **the last page of the complaint, or**
    (3)  **The court or administrative agency in which the suit is filed**
          **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case.  Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

Kentucky Secretary of State's Office         Summons Division         9/17/2009

Trey Grayson
Secretary of State

Commonwealth of Kentucky
Office of the Secretary of State

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490 EXT. 440
Fax (502) 564-1151

Circuit Court Clerk
Jefferson County, Division: 13
600 West Jefferson St.
Louisville, KY 40202

FROM:      SUMMONS DIVISION
           SECRETARY OF STATE

RE:        CASE NO: 09-CI-09418

DEFENDANT: INVACARE CORPORATION

DATE.      September 28, 2009

USPS Certified Mail ID: 71922677001000935865

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

September 17, 2009

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

September 18, 2009

The US Postal Service has provided a scanned image of the return receipt confirming receipt of summons. The image is provided to the right of this page.

Kentucky Secretary of State's Office          Summons Division          9/28/2009

---

UNITED STATES
POSTAL SERVICE™

Date Produced: 09/28/2009

日 LCT -2 A 11: 33

KENTUCKY SECRETARY OF STATES OFFICE - CO

The following is the delivery information for Certified Mail™ item number 7192 2677 0010 0093 5865. Our records indicate that this item was delivered on 09/22/2009 at 06:21 a.m. in ELYRIA, OH, 44036. The scanned image of the recipient information is provided below.

Signature of Recipient:

Karl Bennett

Karl BARNETT

Address of Recipient:

INBOX 4028

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

NO. 

**JEFFERSON CIRCUIT COURT**
**DIVISION**
**PLAINTIFF**

**OPAL HAWKINS**
3501 Blevins Gap Road
Louisville, KY 40272

**SHEILA TIPTON**
3501 Blevins Gap Road
Louisville, KY 40272

**V.**                    **COMPLAINT**

**INVACARE CORPORATION**                    **DEFENDANT**
1 Invacare Way
P.O. Box 4028
Elyra, OH 44036-2125

Serve:   **Secretary of State**
**Commonwealth of Kentucky**
**Frankfort, KY 40601**
**Pursuant to KRS 454.210**

\*\*\* \*\*\* \*\*\*

Come now the Plaintiffs, **Opal F. Hawkins**, hereinafter referred to as **"Opal"**,

and **Sheila Tipton,** hereinafter referred to as **"Sheila"** and for their cause of action

against the defendant, **Invacare Corporation,** hereinafter referred to as **"Invacare"** state

as follows:

I.  That the Plantiffs, **Opal and Sheila,** are and were at all times relevant hereto,

residents of Louisville, Jefferson County, Kentucky.

II.  That the Defendant, **Invacare,** was and is at all times relevant hereto, a

foreign corporation, organized outside the Commonwealth of Kentucky with its principal

place of business in Elyria, Ohio and otherwise incorporated or admitted to do business in the United States of America, including without limitation the Commonwealth of Kentucky, and that pursuant to KRS 454.210 has appointed as its agent to accept service of process, the Secretary of State for the Commonwealth of Kentucky within this jurisdiction.

III.   Plaintiffs allege that the Defendant, **Invacare**, claims that it was and apparently is the world's leading manufacturer and distributor of medical equipment, including home medical equipment, including electric wheelchairs.

IV.   That at all times material and relevant hereto, the Plaintiff, **Sheila**, was the purchaser and owner of an electric wheelchair manufactured by Invacare and distributed by **Central Kentucky Mobility, LLC** on or about December 18, 2007 as evidenced by purchase order, designated as Purchase Order #1187, a copy of which is attached hereto and made a part hereof as **Exhibit "A".**

V.   Further, **Sheila** states that said wheelchair was delivered to her residence, 3501 Blevins Gap Road, Louisville, Kentucky 40272, on or about February 26, 2008, as evidenced by the "Set Up Check List (New Customer)", a copy of which is attached hereto and made as **Exhibit "B".** **Sheila** states that shortly after the delivery of the new wheelchair, manufactured by **Invacare,** on or about February 26, 2008, she began experiencing problems or difficulties with the "joystick" control of the wheelchair, in that

it would not move in the direction that she, by the use of the "joystick", was directing it to move and that on or about March 20, 2008 the Defendant, **Invacare**, arranged for its distributor, **Central Kentucky Mobility, LLC**, to replace said "joystick". This repair was performed, as evidenced by the "Repair Order" attached hereto and made a part of as **Exhibit "C"**.

VI.   **Sheila** states that she suffers from athetoid and spastic cerebral palsy and that she is totally dependent upon her mother, **Opal**, for her care and wellbeing on a daily basis.

VII.   Plaintiffs further state that on or about February 19, 2009, Lynn A. Branham, Consumer Affairs Specialist for **Invacare** agreed to an extension of six (6) months of the Statute of Limitations, applicable to this litigation, KRS 413.140 (1) (a) and (b), pursuant to her letter of agreement dated February 19, 2009, a copy of which is attached hereto and made a part of as **Exhibit "D"**.

VIII.   That the claims set forth herein by the Plaintiffs exceed the minimum dollar amount necessary to establish jurisdiction of this Court or the Jurisdiction of the United States Federal District Court pursuant to 28 USC Section 1332.

## CAUSE 1

At some time prior to March 17, 2008, the Defendant, **Invacare**, designed, manufactured, sold and distributed through its retail distribution centers, including but not limited to, **Central Kentucky Mobility, LLC,** an electric wheelchair, more specifically described as Model Number: ATO TDX 3-PS, with Serial Number: # 08BE002266, which was purchased by the Plaintiff, Sheila, on or about December 18, 2007 and delivered to her on or about February, 26, 2008. Further, the Defendant, caused said electric wheelchair to be circulated and used among the general public and specifically designed and manufactured and sold and distributed said motorized wheelchair for sale, resale and distribution to the public, including the Plaintiff, **Sheila Tipton**.

## CAUSE 2

That on or about March 17, 2008, the Plaintiff, **Opal**, while she was attempting to load her daughter's wheelchair into the van that they used for transportation to and from Sheila's doctor appointment, on this particular day, the subject electric wheelchair, without warning, moved violently forwards, pinning **Opal**, to the curb of the wheelchair lift and with such force that it injured **Opal's** knees, her right more than her left, her lumbar spine, as well as, her heels and feet.

## CAUSE 3

That as a direct and proximate result of the negligence of the Defendant, Invacare, the Plaintiff, **Opal**, has suffered permanent injuries to her body, has incurred medical expenses and in the future will incur additional medical expenses, has suffered permanent mental and physical pain and suffering and will suffer future pain and suffering, both mental and physical, for which the Defendant is liable.

## CAUSE 4

Plaintiff, **Opal**, states that the injuries that she sustained were substantially caused and brought about by the negligence, of the Defendant herein. Plaintiff further states that the subject wheelchair was negligently designed and manufactured by Defendant, **Invacare**, and was in an unreasonably dangerous condition, and the condition of said electric wheelchair breached the implied and expressed warranties of fitness for the purposes for which it was intended. Plaintiff further states that the Defendant failed to warn the users of this wheelchair of the extent and type of dangerous propensities of its wheelchair resulting from its negligent design and manufacture and breach of warranties as set forth herein and that such action on the part of the said Defendant, **Invacare**, constitutes willful, malicious, and gross misconduct and negligence, all for which Opal is entitled to punitive damages.

## CAUSE 5

That the Defendant, Invacare, strictly liable to the Plaintiff, **Opal**, by reason of

manufacture and distribution of the defective product, described in this Complaint, for

any and all injuries sustained by the Plaintiff, **Opal F. Hawkins**.

## CAUSE 6

That the Plaintiff, **Sheila**, has been prevented the use of the subject wheelchair

that she purchased, on or about December 18, 2008 in that it was and is of such a

dangerous condition and consequently **Sheila** claims that she is entitled to the cost of

such wheelchair which has been returned to the Defendant, Invacare, and/or in the

alternative is entitled to a credit being issued or other proper documentation, being issued

to Medicaid, so that she may then obtain and purchase another wheelchair from a

different manufacturer.

## CAUSE 7

That as a direct and proximate result of the negligence of the Defendant,

**Invacare, Sheila,** because of the injuries caused to her mother, **Opal,** her sole caretaker

and caregiver, has lost the services and care giving ability of her mother and that her

mother's care giving capacity has been significantly diminished and will continue to

diminish so that **Sheila** must now employ alternative caretakers and care givers to assist

and take over the responsibilities previously handled and assumed by her mother, **Opal**, on an increasing basis, all for which **Sheila** is entitled to compensating damages in an unspecified and undetermined amount which exceeds $75,000.00.

WHEREFORE, the Plaintiffs, **Opal Hawkins** and **Sheila Tipton**, demand judgment against the Defendant, **Invacare**, as follows:

1.   Judgment against the Defendant in an amount that will adequately and reasonably compensate both **Opal** and **Sheila** for the injuries and losses complained of, including but not limited to loss of quality of life and set forth herein above.

2.   For judgment of punitive damages against the Defendant, **Invacare**, on behalf of Opal, as appropriate in an amount to be determined by the jury.

3.   For trial by jury.

4.   For their cost expenditures herein.

5.   Damages for the Plaintiff, **Sheila**, in a sum equal to the cost of the subject wheelchair as paid for by Medicaid, as well as, damages for the loss of services and care giving by her mother, in an amount to be determined to be fair and reasonable by a jury.

6.   For any and all other relief to which they may appear to be entitled to.

7.   For each of the Plaintiffs, prejudgment interest on all sums awarded them, including Plaintiff's medical expenses but not necessarily limited thereto, as the proof may show they are entitled to at the rate of 12% per annum.

Respectfully submitted,

**Donald H. Smith**
Counsel for Plaintiffs
11603 Shelbyville Road
Unit 12
Louisville, Kentucky 40243
(502) 244-8000

## VERIFICATION CLAUSE

Comes the Plaintiffs, **Opal Hawkins** and **Sheila Tipton**, and states that they have read the foregoing Complaint and verily believes that the statements contained therein are true and accurate to the best of their knowledge and belief.


_Opal Hawkins_, Plaintiff

_Sheila Tipton_, Plaintiff


STATE OF KENTUCKY       )
                        )SS
COUNTY OF JEFFERSON     )

Subscribed and sworn to before me by Opal Hawkins and Sheila Tipton, this _14th_ day of September, 2009.

My Commission Expires:   __September 12, 2012____


NOTARY PUBLIC
STATE AT LARGE, KENTUCKY

EXHIBIT "A"

1 / 1

Central Ky Mobility Of Louisville
11700 Commonwealth Ste 200
Louisville, KY 40299
(888)889-1114

   CSR  11
2/18/2008  1:58 PM

1187

* Re-Print *

| ORDER NO. | ACCOUNT NO. | CUST. PHONE NO. | ORDER DATE | ROUTE | SCH. DATE | ORDER TYPE |
|---|---|---|---|---|---|---|
| 1187 | 866 | (502)933-7268 | 12/18/2007 | | 12/18/2007 | Delivery |

**Ship To**

Tipton, Shiela
3501 Blevens Gap Road
Louisville, KY 40272
(502)933-7268

**Responsible Party**

**Payer Information**

1002 Medicaid Kentucky
9999 Self Pay

**Physician Information**

Dr. Timothy L. Coleman
(859)278-5452

| PAYER | LINE | ITEM NO. | R/S | DESCRIPTION | QTY/UM | BILLED | CO-PAY |
|---|---|---|---|---|---|---|---|
| | | | | | 1  ea | $5,600.00 | $0.00 |
| 1002 | 1 | tdx3ps | S | tdx3 for formula | 1  ea | $5,295.00 | $0.00 |
| 1002 | 2 | TTDX | S | Formula Tilt for TDX | 1  ea | $0.00 | $0.00 |
| 1002 | 3 | 29FR | S | Desk LGTH ADJ HGT FLP UP RT | 1  ea | $0.00 | $0.00 |
| 1002 | 4 | 19FL | S | Full LGTH ADJ HGT FLP UP LH | 1  ea | $225.00 | $0.00 |
| 1002 | 5 | CP280 | S | Invacare Stealth Hdrst 10 in TWB hrdwr | 1  ea | $225.00 | $0.00 |
| 1002 | 6 | CP280HW | S | Invacare Stealth Removeable Adjustable Headrest Hrdwr | 1  ea | $409.00 | $0.00 |
| 1002 | 7 | QS1110C | S | Quad Select 11x10 W Cover | 1  ea | $47.00 | $0.00 |
| 1002 | 8 | 250XB | S | Lumbar Support Combi Adult | 1  ea | $177.00 | $0.00 |
| 1002 | 9 | WCT0800 | S | Basic Platform XL | 2  EA | $496.00 | $0.00 |
| 1002 | 10 | LPK05XX | S | Basis LP Package Fixed | 2  ea | $320.00 | $0.00 |
| 1002 | 11 | HDA2550 | S | Hardware Addition EZ Access Removable | | | |

CO-PAY TOTAL AMT DUE:        $0.00

Comments/Instruction

Please notify of any shortage or discrepancies within five(5) days of receipt of goods, or no credit will be allowed.
MERCHANDISE CONTAINED IN THIS SHIPMENT HAS BEEN CAREFULLY COUNTED AND CHECKED. PLEASE CALL OR WRITE
REFERRING TO YOUR ACCOUNT NUMBER IN THE EVENT OF ANY DISCREPANCIES. THANK YOU!
I ACKNOWLEDGE RECEIPT OF EQUIPMENT AND/OR SUPPLIES LISTED ON THIS ORDER.
I request that final payment of authorized Medicare, Medicaid, or other private insurance benefits be paid directly to the above named company for
any services furnished me by that supplier. I authorize any holder of medical information about me to release to the Health Care Finance
Administration and it's agencies, any information needed to determine these benefits or the benefits payable to related services. Thank You.

Customer Signature                                          Date

Attendant's Address                    Relationship        Reason

EXHIBIT "B"

SETUP CHECKLIST (NEW CUSTOMER)

Customer name: _Shiela Tipto_____ Date. _____

Equipment Provided: _Power W/C Invacare TDX3 with tilt_____

___✓___ Customer/caregiver has been fully instructed in the use of, safety precautions and any hazards related to the equipment or the home environment.

___✓___ Customer/caregiver has received written operating instructions (when applicable) and has verified all training with a return demonstration or verbalization of understanding of safe, proper use of equipment, cleaning and maintenance information, as needed.

___✓___ Address, telephone, doctor, and diagnosis verified.

___✓___ Insurance numbers verified. (Address, company name, and phone number)

___✓___ Assignment of benefits explained and signed.

___✓___ Informed of 24 hour emergency access to company.

___✓___ Informed of sale or rental of equipment (written)

___✓___ Informed of Patients Rights and Responsibilities in a written format.

___✓___ Special needs assessment: Circle what applies (environmental, functional limits, activity restrictions, internal or external referral needed) specify:
_____

___✓___ Given new customer information packet.

_____ Privacy Notice __✓__ Signed _____ Mailed _____ Rejected

I have been fully informed of all of the above. My questions have been answered. The equipment provided will be used safely and as intended. I UNDERSTAND THAT ALL FINANCIAL RESPONSIBILITY IS MINE UNTIL MY INSURANCE PAYS IN FULL FOR EQUIPMENT OR SUPPLIES PROVEDED. I will follow my doctors' orders.

Customer/caregiver X _Sheila Tipton_ Date: X _2-26-08_

I have reviewed all of the above items with customer/caregiver. The equipment provided seems appropriate for the customer.

Staff: _____ Date: _____



**1050 ENTERPRISE DR STE 125**
**LEXINGTON, KY 40510**
**OFFICE (859) 225-3624**
**TOLL FREE (800) 840-3624**
**FAX  (859) 225-3682**

### Privacy Notice Acknowledgement

I certify that I have received a copy of the Privacy Notice. The Privacy Notice describes the types of uses and disclosures of my protected health information that might occur in my treatment, payment of my bills or in the performance of Central Kentucky Mobility's health care operations. The Privacy Notice also describes my rights and Central Kentucky Mobility's duties with respect to my protected health information. The Privacy Notice is posted in the local business office.

Central Kentucky Mobility reserves the right to change the privacy practices that are described in the Privacy Notice. I may obtain a revised Privacy Notice by calling the office and requesting a revised copy be sent to me in the mail, asking for one at the time of the next appointment, or by contacting Central Kentucky Mobility by email.

### Release of Information

I authorize any holder of medical information about me to release to Central Kentucky Mobility, LLC, my insurance carrier, State agency and Health Care Financing Administration and its agents, any information needed to determine these benefits or the benefits payable to related services.

### Assignment of Benefits

I request that final payment of authorized Medicare, Medicaid and/or other private insurance benefits be paid directly to the above named company for any services furnished me by that supplier.

### Financial Responsibility

I understand that I will be responsible for any deductible or co-insurance. I further understand that I will be responsible for payment in the event my insurance carrier denies payment. I understand that I will be responsible for any interest charges, collection or attorney's fees in the event my balance owed to Central Kentucky Mobility, LLC, becomes sixty days past due.

By my signature, I acknowledge that I have read, understand and agree to the foregoing provisions. If I am not the patient, my signature acknowledges I am legal guardian of or have the power of attorney for the patient and that I am duly authorized by the patient or by law as the patient's agent and/or representative to execute the document on the patients behalf.

Patient's Name (Printed)    _____

Patients Date of Birth    _____

Patient's Signature    *Shelira T Cotton*

Authorized Rep Signature    _____

Relationship to the Patient    _____

Date    _____

EXHIBIT "C"

Nov  1  2007  12:54PM                                    No. 0165    P.  2

## REQUEST FOR SERVICE

Date: __3-19-08__            Person taking call: __E.B__

Client Name: __Shiela Tipton__

Address: __3501 Blevens Gap Road__ City: __Louisville__

Contact Person: __Shiela__            Phone: (__502__) __933-7268__

Secondary Contact: _____            Phone: (___) _____

Best Time to Call: _____ Best Day to Call or Come: _____

Primary Insurance: _____

Secondary Insurance: _____

Description of Problems/Service: __Shiela says w/c does not__
__move the way she wants to go__
_____
_____
_____
_____

RTS: _____ Date Returned Call: _____

Assigned To: _____ Date: _____

Technician: _____ Call to schedule: _____

Scheduled Date/Time for Repairs/Service: _____

Additional Notes: __Invacare is sending a replacement__
__joystick control__
_____
_____
_____

Equipment Type/Model: __TDX 3 w/Tilt__

Serial #: __08BE002266__   Seat Width: _____

Revised: 6/5/02  pdb

Nov. 1. 2007 12:54PM                                           No. 0165   P. 2

## REQUEST FOR SERVICE

Date: _3/27/08_          Person taking call: _EB_

Client Name: _Shiela Tipton_

Address: _3501 Blevens Gap Road_ City: _Lousville_

Contact Person: _Shiela_          Phone: (_502_) _933-7268_

Secondary Contact: _____ Phone: (____) _____

Best Time to Call: _____ Best Day to Call or Come: _____

Primary Insurance: _____

Secondary Insurance: _____

Description of Problems/Service: _install or replacement_
_joystick from Invacare_
_____
_____
_____
_____

RTS: _____ Date Returned Call: _____

Assigned To: _____ Date: _____

Technician: _____ Call to schedule: _____

Scheduled Date/Time for Repairs/Service: _____

Additional Notes: _____
_____
_____
_____

Equipment Type/Model: _TDX3  w/ TrH_

Serial #: _08BE002266_          Seat Width: _____

Revised: 6/5/02 pdb

Nov. 1. 2007 12:54PM                                    No. 0165   P. 2

## REQUEST FOR SERVICE

Date: 3/28/08          Person taking call: _____MK_____

Client Name: Shiela Tipton

Address: 3501 Blevens Gap Rd  City: Lou

Contact Person: _____  Phone: (____) 933-7268

Secondary Contact: _____  Phone: (____) _____

Best Time to Call: _____  Best Day to Call or Come: _____

Primary Insurance: _____

Secondary Insurance: _____

Description of Problems/Service: Went to PT's Home
PT WAS ENGAGING MODE SWITCH @ THE
SAME TIME as TRYING to drive
wheelchair WE REPOSITIONED mode switch
to.

RTS: _____  Date Returned Call: _____

Assigned To: _____  Date: _____

Technician: _____  Call to schedule: _____

Scheduled Date/Time for Repairs/Service: _____

Additional Notes: _____

_____

_____

_____

_____

Equipment Type/Model: TDX3 w/ TILT

Serial #: 08BE002266     Seat Width: _____

Revised: 6/5/02 pdb

EXHIBIT "D"



February 19, 2009


Don Smith Law Offices
Attorneys at Law
Don Smith, Esq.
Franklin Square Condominiums
11603 Shelbyville Road, Suite 12
Louisville, KY 40243

RE:   Opal Hawkins
      DOA:  03/17/08

Dear Mr. Smith:

Invacare agrees to extend the Statute of Limitations for the above reference case for six (6) months.  In return, Invacare would like to have the opportunity to have the chair in question returned for non-destructive testing/evaluation.  Upon completion of our testing/evaluation, Invacare will return the wheelchair to you.

Since the model of chair in question has been made obsolete, Invacare is willing to upgrade the chair to a TDXSP-CG.  In order to swap out the chair we will need to work with Central Kentucky Mobility or another dealer in the area.  Please find out from your client if they still work with Central Kentucky Mobility or if they are working with someone else.

At this time Invacare is unable to share with you any schematics of the electrical components of the wheelchair.  If you have any questions, please call me at 1-800-333-6900 extension 6003 or you can e-mail me at lbranham@invacare.com.

Sincerely,

Lynn A. Branham
Consumer Affairs Specialist


INVACARE CORPORATION

One Invacare Way  P.O. Box 4028  Elyria, OH  11036-2125  USA
440-329-6000  Fax: 440-366-1603  www.invacare.com

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION 13
CIVIL ACTION NO. 09-CI-09418

OPAL HAWKINS

and

SHEILA TIPTON                                                                    PLAINTIFFS

v.                                           **ANSWER**

INVACARE CORPORATION                                            DEFENDANT

\*\*\* \*\*\* \*\*\*

Defendant, Invacare Corporation ("Invacare"), by counsel, for its Answer to
Plaintiffs' Complaint states as follows:

### FIRST DEFENSE

Invacare relies upon KRS 411.182 and the comparative negligence of Plaintiffs as
a bar in whole or in part to Plaintiffs' claims against it.

### SECOND DEFENSE

If discovery reveals that the negligent acts or omissions of others, for whom
Invacare is not responsible, were the sole cause or, in the alternative, a substantial factor
in causing the accident or injuries in question, then Invacare is not liable to Plaintiffs, or
fault should be apportioned accordingly.

1

### THIRD DEFENSE

If discovery reveals that the product was not in its original, unaltered and unmodified condition, then Invacare is not liable to Plaintiffs.

### FOURTH DEFENSE

No privity of contract existed between Plaintiffs and Invacare and therefore Plaintiffs' claims are barred in whole or in part.

### FIFTH DEFENSE

Any express warranty relative to the subject product was fully performed or had expired by its terms.

### SIXTH DEFENSE

Invacare is entitled to the benefit of the presumption provided for by KRS 411.310(2).

### SEVENTH DEFENSE

Invacare asserts any and all defenses, affirmative or otherwise, provided by and available under the Kentucky Product Liability Act, KRS §411.300 et seq.

### EIGHTH DEFENSE

Plaintiffs' cause of action is barred, in whole or in part, by the lack of a defect as the product was properly manufactured in accordance with the applicable standard of care, and in conformity with the generally recognized state of the art at the time this product was sold.

## NINTH DEFENSE

Invacare provided adequate warnings and complete warnings to the appropriate users.

## TENTH DEFENSE

Based on the state of scientific and technological knowledge at the time the product was manufactured or marketed, the product was reasonably safe for its normal and foreseeable use.

## ELEVENTH DEFENSE

If discovery reveals that Plaintiffs' injuries and damages were caused in whole or in part by unforeseeable misuse or unintended use of the product, then Invacare is not liable to the Plaintiffs.

## TWELTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## THIRTEENTH DEFENSE

To the extent applicable, Invacare adopts by reference any and all available defenses, affirmative or otherwise, under the UCC as adopted in Kentucky, KRS 355.1-101, *et seq.*

## FOURTEENTH DEFENSE

Invacare states that Plaintiffs are estopped from asserting, or alternatively have waived their claims, if any, because of Plaintiffs' failure to comply with the provisions of the Kentucky Commercial Code, Chapter 355 of the Kentucky Revised Statutes, and their failure to comply with the conditions and requirements of the written warranty

3

under which the subject product was sold, and pleads and relies upon the same as a complete bar to any warranty allegations of the Plaintiffs' Complaint.

### FIFTEENTH DEFENSE

To the extent applicable, as shown by discovery, Invacare affirmatively pleads that any non-conformity or defect, if any, of the subject product does not substantially impair the product's use, value or safety and Invacare pleads and relies upon same as a complete bar to Plaintiffs' Complaint.

### SIXTEENTH DEFENSE

To the extent applicable, as shown by discovery, Invacare affirmatively pleads that any non-conformity or defect, if any, of the subject product is the result of abuse, neglect, unauthorized modification, unauthorized alteration, failure to observe routine maintenance and repair, or negligence on the part of Plaintiffs, which caused and/or contributed to cause and bring about the damages complained of, if any, and Invacare pleads and relies upon the same as a complete bar to Plaintiffs' Complaint.

### SEVENTEENTH DEFENSE

To the extent applicable, the Plaintiffs have received no fault insurance benefits or other benefits to which the payor is subrogated, the Plaintiffs are not the owners of such claims and the amounts claimed in this action must be reduced accordingly.

### EIGHTEENTH DEFENSE

The conduct of which Plaintiffs complain is not willful, wanton, oppressive, fraudulent, or malicious.  As such, the complained-of conduct does not warrant the imposition of punitive damages.

Plaintiffs' claims for punitive damages against Invacare cannot be sustained because any award for punitive damages would violate Invacare's due process rights guaranteed by the United States Constitution and the Kentucky Constitution.

Plaintiffs' claims for punitive damages against Invacare cannot be sustained because they do not satisfy the statutory or common law prerequisites for punitive damages.

Invacare relies on KRS 411.184, as modified by Williams v. Wilson, Ky., 972 S.W.2d 260 (1998), and State Farm v. Campbell, 123 S. Ct. 1513 (2003), and Sand Hill Energy, Inc. v. Smith, 142 S.W.3d 153 (Ky. 2004) as a bar to Plaintiffs' punitive damages claim.

## NINETEENTH DEFENSE

1.      Based upon information and belief, Invacare admits the averments in paragraph I of Plaintiffs' Complaint.

2.      Invacare admits that it is an Ohio corporation, organized outside the Commonwealth of Kentucky with its principal place of business in Elyria, Ohio. Invacare denies the remaining averments of paragraph II of Plaintiffs' Complaint.

3.      Invacare admits the averments of paragraph III of Plaintiffs' Complaint.

4.      Invacare admits the averments of paragraph IV of Plaintiffs' Complaint.

5.      Invacare admits that an electric wheelchair manufactured by Invacare was delivered to Plaintiff Sheila Tipton on or about February 26, 2008. Invacare admits that, on or about March 20, 2008, it arranged for Central Kentucky Mobility to replace the joystick and/or controller on the electric wheelchair. Invacare admits that the

replacement was performed as evidenced by the "Repair Order" attached to Plaintiffs' Complaint as Exhibit C. Invacare is without knowledge or information sufficient to form a belief as to the remaining averments in paragraph V and therefore denies same.

6.     Invacare is without knowledge or information sufficient to form a belief as to the averments in paragraph VI of Plaintiffs' Complaint and therefore denies same

7.     Invacare admits the averments in paragraph VII of Plaintiffs' Complaint.

8.     In response to paragraph VIII of Plaintiffs' Complaint, Invacare admits that the claims set forth by Plaintiffs exceed the minimum dollar amount necessary to establish jurisdiction in this Court or jurisdiction in the United States District Court pursuant to 28 USC section 1332; however, Invacare specifically denies that it caused any of the damages complained of in Plaintiffs' Complaint.

9.     Invacare admits the averments in CAUSE 1 of Plaintiffs' Complaint except that it sells and distributes its products not to individual consumers or to retail distribution centers as alleged but to independent dealers.

10.     Invacare denies the averments in CAUSE 2 of Plaintiffs' Complaint.

11.     Invacare denies the averments in CAUSE 3 of Plaintiffs' Complaint.

12.     Invacare denies the averments in CAUSE 4 of Plaintiffs' Complaint.

13.     Invacare denies the averments in CAUSE 5 of Plaintiffs' Complaint.

14.     Invacare denies the averments in CAUSE 6 of Plaintiffs' Complaint.

15.     Invacare denies the averments in CAUSE 7 of Plaintiffs' Complaint.

16.     Invacare denies all remaining averments contained in Plaintiffs' Complaint not specifically addressed above.

WHEREFORE, Invacare, having fully answered, demands that Plaintiffs' Complaint and all claims against it be dismissed with prejudice at Plaintiffs' cost, that it be awarded its costs herein expended, and that it be awarded any and all other relief to which it may appear reasonably entitled, including trial by jury.

Respectfully submitted,

D. Craig York
Emily K. Fritts
DINSMORE & SHOHL, LLP
2500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
(502) 581-8000
(502) 581-8111 (fax)
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was mailed, first class mail, postage prepaid, to the following, on this the 13th day of October, 2009:

Donald H. Smith
11603 Shelbyville Road
Unit 12
Louisville, KY 40243
**COUNSEL FOR PLAINTIFFS**

**COUNSEL FOR DEFENDANTS**

7